# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JEFF CODER and STACIE CODER, *Individually and Husband and Wife And as Parents and Natural Guardians of AC1, AC2, CB1, KC, and CB2,* | ) ) ) ) ) |
| Plaintiffs and Counterdefendants, | ) ) |
| v. | ) Case No. 12-2231-EFM ) |
| AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA, | ) ) ) ) |
| Defendant and Counterclaimant. | ) |

## ORDER

This matter comes before the court upon Defendant American Bankers Insurance Company of Florida's ("American Bankers") Motion for Leave to File Second Amended Answer (ECF No. 92). The motion is fully briefed and the court is prepared to rule. For the reasons stated below, American Bankers' motion is granted.

Plaintiffs Jeff and Stacie Coder ("the Coders") filed an insurance claim with American Bankers for damages they claimed resulted from a frozen pipe bursting in their home in January 2008. American Bankers settled the original claim and paid for the water damage. In 2010, the Coders filed an additional claim under the policy for damages they alleged resulted from the January 2008 incident including structural damage, mold growth, and loss of personal property due to mold contamination. American Bankers denied the second claim on the grounds the policy did not cover the damages claimed. In March 2012, the Coders filed a complaint in state court against American Bankers alleging breach of insurance contract and for attorney's fees pursuant to K.S.A. § 40-256. The case was subsequently removed to federal court.

In August 2012, the court entered a scheduling order setting September 4, 2012, as the deadline to amend the pleadings.[1] American Bankers filed an amended answer in August 2012, and the parties engaged in discovery.[2] On March 12, 2013, American Bankers filed the present motion requesting leave to include the affirmative defense of mitigation of damages. The Coders are opposed to allowing American Bankers to amend its answer.

Federal Rule of Civil Procedure 15(a) governs the procedure for amending pleadings.[3] A party may amend a pleading "once as a matter of course" before trial if they do so within (A) twenty-one days of serving the pleading or (B) "if the pleading is one to which a responsive pleading is required," twenty-one days of service of a responsive pleading or motion under Federal Rules of Civil Procedure 12(b), (e), or (f), whichever is earlier.[4] In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.[5] The court should freely give leave when justice so requires.[6]

While the Tenth Circuit has not yet decided whether a party must show "good cause" under Rule 16(b)(4) in addition to satisfying Rule 15(a) when seeking leave to amend after the deadline established in the scheduling order, judges in this district have consistently required such a showing.[7] Thus, when a motion to amend is filed beyond the scheduling order deadline,

---

[1] Scheduling Order, ECF No. 26.

[2] Answer, ECF No. 27.

[3] Fed. R. Civ. P. 15(a).

[4] Fed. R. Civ. P. 15(a)(1).

[5] Fed. R. Civ. P. 15(a)(2).

[6] *Id.*

[7] *Bylin v. Billings*, 568 F.3d 1224, 1231 n.9 (D. Kan. 2009); *see White v. Union Pac. R.R. Co.*, 09-1407-EFM-KGG, 2013 WL 441066, at *2 (D. Kan. Feb. 5, 2013); *Monge v. St. Francis Health Ctr., Inc.*, No. 12-2269-EFM-JPO, 2013 WL 328957, at *1 (D. Kan. Jan. 10, 2013); *Livingston v. Sodexo, Inc.*, No. 11-4162-EFM-KGS, 2012 WL

the moving party must show "good cause" within the meaning of Rule 16(b)(4) to allow the untimely motion.[8] Only after determining that good cause has been established will the court proceed to determine if the more liberal Rule 15(a) standard for amendment has been satisfied.[9]

**Good Cause under Rule 16(b)(4)**

Rule 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent."[10] The good cause standard under Rule 16(b)(4) considers the diligence of the party seeking the amendment.[11] To establish good cause, the moving party must show that despite due diligence it could not have reasonably met the amendment deadline.[12] "Carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief."[13] Furthermore, a lack of prejudice to the nonmovant does not constitute good cause.[14] The party seeking an extension is normally expected to show good faith on its part and some reasonable

---

2045292, at *1 (D. Kan. June 6, 2012); *Rajala v. Gardner*, No. 09-2482-EFM-KMH, 2011 WL 6180691, at *2 (D. Kan. Dec. 13, 2011); *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL-GLR, 2011 WL 3847076, at *2 (D. Kan. Aug. 29, 2011); *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *3 (D. Kan. Oct. 12, 2010).

[8] *See Carefusion 213, LLC*, 2010 WL 4004874, at *3.

[9] *Id.*

[10] Fed. R. Civ. P. 16(b)(4). In addition, the scheduling order in this case states that the schedule "shall not be modified except by leave of court upon showing of good cause." Scheduling Order at 10, ECF No. 26.

[11] *Deghand v. Wal-Mart Stores, Inc.*, 904 F. Supp 1218, 1221 (D. Kan. 1995).

[12] *Carefusion 213, LLC*, 2010 WL 4004874, at *3.

[13] *Deghand*, 904 F. Supp. at 1221 (internal citations omitted).

[14] *Id.*

basis for not meeting the deadline.[15] A district court's determination of good cause will be reviewed only for abuse of discretion.[16]

Here, American Bankers moved to amend its answer on March 12, 2013, approximately six months after the September 4, 2012 motion to amend deadline. American Bankers argues there is good cause for the amendment because evidence which would support the affirmative defense of mitigation of damages was not discovered until after the deadline for amendments.[17] American Bankers claims the January 31, 2013 expert report and February 18, 2013 site inspection indicated the Coders failed to install a sump pump and disconnected two downspouts on the northeast corner of the home from the underground drainage system which might have led to additional leaks. American Bankers also claims the report and inspection indicated the Coders failed to upkeep and maintain the residence, failed to use the HVAC which might have led to additional mold growth, and installed irrigation lines in close proximity to the home.[18] Finally, American Bankers claims the October 2012 depositions of the Coders revealed that they delayed contacting the insurance company when they noticed water under the foundation of the home and cracks throughout the residence.[19]

The Coders contend American Bankers has long known about the facts upon which the affirmative defense is based.[20] Two reports submitted to American Bankers prior to the

---

[15] *Id.*

[16] *Carefusion 213, LLC*, 2010 WL 4004874, at *3.

[17] Def.'s Mem. in Support of Mot. for Leave to File Second Am. Answer at 5-7, ECF No. 93.

[18] *Id.* at 3-7.

[19] Def.'s Reply in Supp. of Mot. for Leave to File Second Am. Answer at 9, ECF No. 100.

[20] Pls.' Resp. to Def.'s Mot. for Leave at 8, ECF No. 99.

amendment deadline did mention the Coders noticed cracks prior to filing the second claim.[21] Once put on notice, however, American Bankers acted with due diligence by exploring this issue during the October 2012 depositions of the Coders to see if their testimony supported the claims made in the reports.[22] Because the depositions did not occur until after the deadline to amend, American Bankers has demonstrated good cause for the delay.

The Coders appear to only be challenging whether their failure to install a sump pump is newly discovered evidence.[23] The Coders claim American Bankers knew they had not installed a sump pump following the January 2008 water damage incident but fail to cite any specific exhibits supporting their claim. Additionally, an exhibit submitted by the Coders, HDHY Engineering's March 25, 2011 report, discusses the use of a sump pump to drain water from the concrete.[24] Finally, American Bankers acted with due diligence by further examining this issue during its October 2012 deposition of Jeff Coder.[25]

The facts American Bankers relies upon to support its affirmative defense of mitigation of damages were not known until after the September 4, 2012 motion to amend deadline.[26]

---

[21] *See* Nixon and Company, Inc., Jan. 28, 2010 report at 2, ECF No. 99-7; HDHY Engineering, Inc., March 25, 2011 report at 1, ECF No. 99-8.

[22] *See* Oct. 9, 2012 Dep. of Jeff Coder at 10-13, ECF No. 93-1; Oct. 18, 2012 Dep. of Stacie Coder at 2, ECF No. 99-3.

[23] Pls.' Resp. to Def.'s Mot. for Leave at 10-11.

[24] HDHY Engineering March 25, 2011 report at 3.

[25] Oct. 9, 2012 Dep. of Jeff Coder at 5-6, ECF No. 99-4.

[26] *See Livingston v. Sodexo, Inc.*, No. 11-4162-EFM, 2012 WL 2045292, at *2 (D. Kan. June 6, 2012) (finding good cause for the motion to amend where the facts underlying the proposed affirmative defense were not discovered until after the deadline to amend); *Pouncil v. Branch Law Firm*, Case No. 10-1314-JTM, 2011 WL 5837230, at *2 (D. Kan. Nov. 21, 2011) (finding good cause where plaintiff possessed the documents necessary to amend her complaint prior to the deadline to amend but was unaware of the factual basis to support the amendment until depositions taken after the deadline to amend).

Accordingly, the Court holds there is good cause for why American Bankers could not meet the amendment deadline.

**Rule 15(a)(2)**

The court now turns to whether American Bankers has satisfied the standard for amendment under Rule 15(a)(2). Although Rule 15(a)(2) typically applies when a plaintiff moves to amend a complaint, Rule 15(a)(2) likewise applies when a defendant seeks to amend an answer to add an affirmative defense.[27] The decision to grant leave to amend after the permissive period lies within the discretion of the trial court.[28] "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'"[29] Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith, or futility of the amendment.[30] "The most important fact in deciding a motion to amend is whether the amendment would prejudice the nonmoving party."[31] Here, the Coders argue the amendment should be denied due to futility of the amendment, undue prejudice, and undue delay.

Courts may deny leave to amend on grounds of futility if the proposed amendment "would be subject to dismissal for any reason."[32] The party asserting futility has the burden to

---

[27] *Ward Petroleum Corp. v. Fed. Deposit Ins. Corp.*, 903 F.2d 1297, 1301 (10th Cir. 1990) (instructing district court to determine on remand whether defendants should be allowed to amend their pleadings under Fed. R. Civ. P. 15).

[28] *Stewart v. Bd. of Comm'rs for Shawnee County*, 216 F.R.D 662, 664 (D. Kan. 2003) (citing *Woolsey v. Marion Labs., Inc.*, 934 F.2d 1452, 1462 (10th Cir. 1993)).

[29] *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982)).

[30] *Id.*

[31] *In re Motor Fuel Temperature Sales Practices Litigation v. Alon USA, INC, et al.*, Case No. 07-2300-KHV, 2013 WL 1896985, at *3 (D. Kan. May 6, 2013) (citing *Minter*, 451 F.3d at 1208).

[32] *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001).

establish futility.[33] When a defendant moves to amend an answer to add an affirmative defense, futility is examined in the context of a motion to strike under Federal Rules of Civil Procedure 12(f).[34] Rule 12(f) states that the court "may strike from a pleading an insufficient defense . . . ." "Within the meaning of Rule 12(f), a defense is insufficient if it cannot succeed, as a matter of law, under any circumstances."[35] To warrant striking a defense, its insufficiency must be "clearly apparent" and "no factual issues exist that should be determined in a hearing on the merits."[36]

"A motion to strike an affirmative defense as insufficient is disfavored as a drastic remedy."[37] If there is any doubt as to whether to strike a matter, courts should deny the motion.[38] Courts will usually deny a motion to strike unless the allegations have "'no possible relation to the controversy and may prejudice the opposing party.'"[39]

As discussed above, American Bankers seeks leave to add an affirmative defense of mitigation of damages. The Coders claim mitigation of damages is not a valid defense in this case because the duty to mitigate damages applies to damages that can be prevented and not to damages that have already occurred.[40] American Bankers, however, argues the Coders could have prevented damages alleged in the Coders second insurance claim by timely notifying

---

[33] *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KHV, 2010 WL 4004874, at *5 (D. Kan. Oct. 12, 2010).

[34] *Layne Christensen Co. v. Bro-Tech Corp.*, No. 09-2381-JWL, 2011 WL 3847076, at *6 (D. Kan. Aug. 29, 2011).

[35] *Id.* (internal citations and quotations omitted).

[36] *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 649 (D. Kan. 2009).

[37] *Wilhelm v. TLC Lawn Care, Inc.*, No. 07-2465-KHV, 2008 WL 474265, at *2 (D. Kan. Feb. 19, 2008).

[38] *Miller v. Pfizer, Inc.*, No. 99-2326-KHV, 1999 WL 1063046, at *3 (D. Kan. Nov. 10, 1999).

[39] *United States ex rel. Smith v. Boeing Co.*, No. 05-1073-WEB, 2009 WL 2486338, at *3 (D. Kan. Aug. 13, 2009) (quoting *Wilhelm*, 2008 WL 474265, at *2).

[40] Pls.' Resp. to Def.'s Mot. for Leave at 9, ECF No. 99.

American Bankers when they noticed water under the foundation of the home and cracks throughout the residence.[41] Additionally, the affirmative defense might impact the specific amount of damages to be awarded. American Bankers could argue the damage award should be reduced to the extent the Coders failed to mitigate damages. Thus, the Coders have failed to prove the affirmative defense cannot succeed as a matter of law under any circumstances.

Furthermore, the court finds the Coders will not be unduly prejudiced by the amendment. The Coders, as the parties opposing the amendment, have the burden to show undue prejudice within the meaning of Rule 15.[42] For purposes of Rule 15, "'undue prejudice' means 'undue difficulty in prosecuting or defending a lawsuit as a result of a change of tactics or theories on the part of the movant.'"[43] Here, the proposed affirmative defense arises out of sufficiently similar events and facts already subject to discovery in this case. Indeed, the defense is based upon expert reports and depositions already produced by the parties including John Lyle's January 31, 2013 expert report in which he specifically addressed whether the Coders could have prevented the damage that occurred following the January 2008 claim.[44] The Coders should be sufficiently familiar with the facts and theories American Bankers is relying upon to support its affirmative defense.

The only real prejudice the Coders claim is that they will have to again depose a corporate representative of American Bankers.[45] In light of the discovery already produced, it is

---

[41] Def.'s Reply in Supp. of its Mot. for Leave to File Second Am. Answer at 9, ECF No. 100.

[42] *Carefusion 213, LLC v. Prof'l Disposables, Inc.*, No. 09-2616-KHV-DJW, 2010 WL 4004874, at *4 (D. Kan. Oct. 12, 2010).

[43] *Id.*

[44] John Lyle's Jan. 31, 2013 expert report at 12-14, ECF No. 99-1.

[45] Pls.' Resp. to Def.'s Mot for Leave at 14, ECF No. 99.

not entirely clear why the Coders would need to conduct this additional deposition. Even if the additional deposition is necessary, the Coders fail to demonstrate how this creates an injustice rather than "practical prejudice" normally associated with amending pleadings.[46]

While there was some delay between when American Bankers first discovered facts that would support its mitigation of damages defense and when it filed its motion to amend, allowing the amendment would not work an injustice to the Coders. Accordingly, the court holds the interests of justice are best served by allowing American Bankers to amend its answer to add the affirmative defense of mitigation of damages. If the Coders need additional time to conduct discovery to address this affirmative defense, they may file the appropriate motion with the court.

**IT IS THEREFORE ORDERED** that American Bankers' Motion for Leave to File Second Amended Answer (ECF No. 92) is granted. The amended answer shall be filed within five (5) days of the date of this order.

**IT IS SO ORDERED.**

Dated this 16th day of May, 2013, at Topeka, Kansas.

                                                                  s/ K. Gary Sebelius
                                                                   K. Gary Sebelius
                                                                   U.S. Magistrate Judge

---

[46] *Carefusion 213, LLC*, 2010 WL 4004874, at *4.