# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JEFF AND STACIE CODER, Individually,
As Husband and Wife and as Parents and
Natural Guardians of AC1, AC2, CB, KC,
and CC,

  *Plaintiffs/Counterclaim Defendants,*

vs.              Case No. 12-2231-EFM

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA,

  *Defendant/Counterclaim Plaintiff.*

# MEMORANDUM AND ORDER

Plaintiffs Jeff and Stacie Coder, on their behalf and on behalf of their children, filed this breach of contract case against their homeowner insurer, Defendant American Bankers Insurance Company of Florida. Plaintiffs claim that Defendant breached its contract when it denied their claim for damages. Defendant counterclaims seeking a declaratory judgment that it did not breach the insurance contract. Defendant now moves for summary judgment. Because there are disputed material facts, the Court denies Defendant's motion.

## I. Factual and Procedural Background[1]

Defendant American Bankers Insurance Company of Florida ("Defendant" or "American") issued Plaintiffs Jeff and Stacie Coder ("Plaintiffs" or "Coders") an insurance policy effective February 1, 2007 through February 1, 2008. The Coders' home in Effingham, Kansas was covered by this insurance policy.

The Coders' home was built in 2002. On January 22, 2008, a water pipe froze in the ceiling of the southeast basement bedroom and caused water to leak primarily in the southeast quarter of the Coders' basement. The water level was a few inches in depth. On the same day that the pipe froze, Jeff Coder, a licensed plumber, capped the pipe, and it was not used again. The Coders never had any further problems with that particular pipe.

All Pro Services, Inc., a professional restoration service, extracted the water and dried out the basement. On January 30, 2008, an independent adjuster hired by American inspected the residence, and American paid various claims relating to the necessary repairs to the residence. A contractor repaired the basement finishes.

Within three to six months after the pipe burst, the Coders noticed cracks in the walls and reported those cracks in the walls and basement slab to a third party on June 26, 2008. In May 2009, the Coders cut holes in the basement concrete floor to pour new footings for new structural support posts. Water filled the holes where the footings had been and returned when the holes were pumped dry.

The Coders discovered mold in their house in or around 2009. The Coders later discovered mold throughout the entire basement and on personal property in the basement.

---

[1] In accordance with summary judgment procedures, the Court has set forth the uncontroverted facts, and they are related in the light most favorable to the non-moving party.

David Nold, an expert retained by American to provide a determination of mold and remediation report, opined that it was highly likely that the water under the basement foundation contributed to the mold throughout the residence.

The Coders contacted Kerns Construction to provide an estimate for the repair of the damages to the residence. In its estimate, dated January 18, 2010, Kerns Construction determined that it would take $359,526.06 to repair the residence. Because of the nature and extent of the damages, it would not provide a guaranty.

On January 20, 2010, the Coders reported cracks in the drywall and basement slab to American. On February 8, 2010, an engineer hired by American, Joe Yoder, P.E., inspected the Coders' home in an effort to determine the cause of the damage to the house.

In Yoder's February 19, 2010, report, Yoder concluded that the damage to the home was caused by differential movement of the foundation elements caused by saturated soils below the foundation. Based upon Yoder's opinion, American denied the Coders' claim on March 11, 2010 stating that the policy excluded perils of "settling, cracking, shrinking, bulging, or expanding of a building structure" and that the policy excluded coverage for "earth movement," including "earth sinking, rising, shifting, expanding, or contracting."

On November 5, 2010, the Coders requested that American reopen the Coders' claim because the Coders believed that the water below the slab was from a domestic source for which there could be coverage under the policy because of "accidental leakage . . . from a plumbing . . . system" which occurred on January 22, 2008. Based upon this letter, American asked Yoder to investigate further.

Yoder attempted to locate any active leaks by testing the water lines entering the house and under the slab with professional plumber, Daniel Poull, and with plumbing service

McElroy's. McElroy's also sent a camera down the PVC drain lines to look for leaks. Yoder, Poull, and McElroy's did not discover any leaks in any of the plumbing. On August 29, 2011, American sent a letter to the Coders denying coverage for the damage because there was no evidence in its investigation that the water below the Coders' slab was due to an accident.

On March 20, 2012, the Coders filed this breach of contract action against American in the District Court of Atchison County, Kansas. On April 23, 2012, American removed the case to this Court. American also filed a counterclaim for a declaratory judgment that there is no coverage for the Coders' claims. During the course of this case, both parties retained experts to opine on the source of the Coders' residence damage. These experts' opinions differ.[2] American now seeks summary judgment on the Coders' breach of contract claim and its declaratory judgment counterclaim.

## II.  Legal Standard

Summary judgment is appropriate if the moving party demonstrates that there is no genuine issue as to any material fact, and the movant is entitled to judgment as a matter of law.[3] A fact is "material" when it is essential to the claim, and issues of fact are "genuine" if the proffered evidence permits a reasonable jury to decide the issue in either party's favor.[4] The movant bears the initial burden of proof, and must show the lack of evidence on an essential element of the claim.[5] The nonmovant must then bring forth specific facts showing a genuine

---

[2] The Court will discuss these expert opinions below.

[3] Fed. R. Civ. P. 56(c).

[4] *Haynes v. Level 3 Commc'ns, LLC*, 456 F.3d 1215, 1219 (10th Cir. 2006).

[5] *Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).

issue for trial.⁶ These facts must be clearly identified through affidavits, deposition transcripts, or incorporated exhibits—conclusory allegations alone cannot survive a motion for summary judgment.⁷ The Court views all evidence and reasonable inferences in the light most favorable to the party opposing summary judgment.⁸

### III. Analysis

There are five elements to a breach of contract claim: (1) the existence of a contract between the parties; (2) sufficient consideration to support the contract; (3) the plaintiff's performance or willingness to perform in compliance with the contract; (4) the defendant's breach of the contract; and (5) damages to the plaintiff caused by the breach."⁹

Plaintiffs contend that Defendant breached the insurance contract by denying coverage for their structural damage claim because the policy covers damage caused by an accidental plumbing leak. It is uncontroverted that there was an accidental plumbing leak on January 22, 2008. Plaintiffs contend that the damage to their residence occurred from this leak. Defendant argues that it is entitled to summary judgment because the facts demonstrate that this plumbing leak did not cause the damage to Plaintiffs' residence.

There is an issue of fact as to whether the accidental plumbing leak on January 22, 2008 caused Plaintiffs' later structural damage. As part of determining the cause, nature, and extent of the damages to the residence, the Coders retained John Lyle, P.E. Pyle provided various expert opinions in his report. In Pyle's report, he stated that the initial water leak that occurred on

---

⁶ *Garrison v. Gambro, Inc.*, 428 F.3d 933, 935 (10th Cir. 2005).

⁷ *Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197 (10th Cir. 2000) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

⁸ *LifeWise Master Funding v. Telebank*, 374 F.3d 917, 927 (10th Cir. 2004).

⁹ *Stechschulte v. Jennings*, 297 Kan. 2, 23, 298 P.3d 1083, 1098 (2013).

January 22, 2008, caused the structural damage to the residence, when a vast majority of the structural movement occurred after this leak.[10]  Defendant's retained experts controvert this finding and opine that the structural damage was caused by consolidation and settlement of natural clays underlying the home.  Because there are disputed issues of fact, and a dispute over one of the key facts, the Court denies Defendant's motion for summary judgment.

**IT IS ACCORDINGLY ORDERED** this 26th day of November, 2013, that Defendant American Bankers Insurance Company Motion for Summary Judgment (Doc. 123) is hereby **DENIED**.

**IT IS SO ORDERED**.

Eric F. Melgren

---

[10] The Coders have also retained another expert, Dr. Paul Hilpman.  Defendant recently filed a *Daubert* motion (Doc. 131) seeking to exclude Lyle's and Hilpman's testimony.  That motion will be taken up upon being fully briefed and closer to trial.